UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION (DETROIT)

In re:

K & D Industrial Services
Holding Co., Inc., *et al.*,[1]

    Debtors.
_____/

Chapter 11
Jointly Administered
Case No. 19-43823
Hon. Phillip J. Shefferly

### ORDER DENYING DEBTOR'S EX PARTE MOTION FOR SHORTENED NOTICE AND EXPEDITED HEARING ON THE DEBTOR'S CRITICAL VENDORS MOTION

On March 15, 2019, the Debtor filed this Chapter 11 case. On March 18, 2019, the Debtor filed a motion to have this case jointly administered with seven other cases all filed the same date by entities related to the Debtor. On March 19, 2019, the Debtor filed three other motions all identified as "First Day Motions." The Debtor requested the Court to schedule a hearing on the First Day Motions for March 25, 2019 at 10:00 a.m. The Court granted that request.

---

[1] The following cases are being jointly administered for procedural purposes only and include: K & D Industrial Services Holding Co., Inc. (case no. 19-43823); K& D Industrial Services, Inc. (case no. 19-43824); K&D Industries, Inc. (case no. 19-43825); K & D Grand Rapids, Inc. (case no. 19-43826); K & D Industries of Ohio, Inc. (case no. 19-43827); K & D Industrial Services Midwest Inc. (case no. 19-43828); K & D Industries West, Inc. (case no. 19-43829); and L & P Industries LLC (case no. 19-43830).

On March 21, 2019 at 5:00 p.m., the Debtor filed a motion for authority to pay certain pre-petition obligations to critical vendors and for other relief ("Critical Vendors Motion") (ECF No. 28). A few minutes later, the Debtor filed an ex parte motion ("Ex Parte Motion") (ECF No. 29) requesting the Court to shorten the time to hear the Critical Vendors Motion and set an expedited hearing for March 25, 2019 at 10:00 a.m., on the same date and time as the Court had previously scheduled the hearing on the First Day Motions.

Although the Ex Parte Motion may, at least to some extent, establish cause for the Court to shorten the time to respond and to hear the Critical Vendors Motion, the Court is going to deny the Ex Parte Motion for the following reasons.

First, Local Bankruptcy Rule 9006-1(b) states that if a party moves for an expedited hearing on an ex parte basis, "the movant must attempt to obtain the acquiescence of opposing counsel, unless unduly burdensome." In a Chapter 11 case, the Court does not expect a party moving for an expedited hearing to contact every party in interest. That would be unduly burdensome. But minimally, the Debtor must attempt to obtain the concurrence of the United States Trustee ("UST") and any secured creditors for the Court to consider the Critical Vendors Motion on an expedited basis. The Ex Parte Motion does not indicate that the Debtor made any attempt to obtain the consent of the UST or the secured creditors to the expedited schedule requested by the Debtor.

Second, the time frame suggested by the Debtor is unreasonably short. Because the Ex Parte Motion was not filed until the close of business on March 21, 2019, even if the Court granted the Ex Parte Motion, the order doing so would not be docketed until the following day, March 22, 2019. Whether the Debtor then serves such order by email, facsimile, or regular mail, that does not leave enough time for parties in interest to review and formulate a position on the Debtor's request to pay substantial sums to multiple pre-petition creditors, all within a few days after the bankruptcy case was filed.

Third, Local Bankruptcy Rule 4001-3 creates a procedure for a motion to pay pre-petition claims to critical vendors. It looks like the Debtor followed the rule's requirements regarding the content of the Ex Parte Motion. But subpart (b) of the rule expressly states that a critical vendors motion will not be considered a first day motion. The reason for that is because the nature of the relief requested when a debtor asks for permission to pay pre-petition debts – in contravention of the statutory priority scheme in the Bankruptcy Code – is not the type of relief that the Court will grant early in a bankruptcy case without being sure that all affected parties have had a full and fair opportunity to be heard. Filing an ex parte motion on a Thursday night requesting a hearing on the following Monday morning is not sufficient to afford due process to the other parties in interest in this case.

- 3 -

19-43823-pjs    Doc 31    Filed 03/22/19    Entered 03/22/19 16:37:21    Page 3 of 4

For these reasons, the Court will deny the Ex Parte Motion. However, this order is without prejudice to the Debtor's right to file a new ex parte motion that requests an expedited – but more reasonable – time frame for consideration of the Critical Vendors Motion. Any new ex parte motion filed by the Debtor must indicate what efforts the Debtor made to obtain the consent of the UST and secured creditors to the Court shortening notice and setting an expedited hearing on the Critical Vendors Motion, and must also explain why the Critical Vendors Motion must be heard on the particular date requested in the Ex Parte Motion, and what specific consequences the Debtor will suffer if the Critical Vendors Motion is not heard on that date and time. Accordingly,

**IT IS HEREBY ORDERED** that the Ex Parte Motion (ECF No. 29) is denied without prejudice.

**Signed on March 22, 2019**



/s/ Phillip J. Shefferly
Phillip J. Shefferly
United States Bankruptcy Judge